SAMUEL J. SIEGEL and MICHAEL GOODMAN, Respondents v.
MONTGOMERY WARD & COMPANY, Appellant.

First Department, April 5, 1917.

Pleading — complaint — breach of contract — failure of plaintiffs to allege performance or willingness to perform — presumption where time set for performance is not stated.

A complaint founded on an alleged breach of a contract by the defendant under which the plaintiffs were to have the exclusive right to manufacture certain goods, which is defective in that "due" performance on their part is not alleged as permitted by section 533 of the Code of Civil Procedure, cannot be sustained as one where non-performance by the plaintiffs is excused because the defendant breached the contract before the time set for performance, if there is nothing to show that the defendant repudiated the contract before said time.

Where the particular time for performance by the defendant is not alleged it will be inferred that the refusal to perform was made at the time set for performance and not before that time.

Under the circumstances it was necessary for the plaintiffs to allege that they were ready and willing to perform at the time of the defendant's refusal to perform, and in the absence of such allegation a demurrer to the complaint should be sustained.

APPEAL by the defendant, Montgomery Ward & Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of November, 1916, granting plaintiffs' motion to overrule the demurrer to the complaint, and for judgment on the pleadings.

*Joseph M. Hartfield*, for the appellant.

*Abraham I. Smolens*, for the respondents.

DAVIS, J.:

The complaint contains five causes of action to recover $78,000 as damages sustained through the failure of defendant to carry out certain contracts with the plaintiffs.

In each cause of action the plaintiffs allege " that the plaintiffs have duly performed each and every covenant on their part to be performed under said contract." The appellant claims

First Department, April, 1917.    [Vol. 177.

that this is not a sufficient allegation of due performance under section 533 of the Code.

The respondents now admit the force of this claim, and seek to uphold the complaint " as one for non-performance and refusal to perform on the part of defendant."

The plaintiffs are manufacturers of clothing, and under their agreement with the defendant they were to manufacture for the defendant certain cloth into clothing for men and boys and they were to have the exclusive right so to manufacture. The causes of action are, briefly stated, as follows:

The first cause of action is to recover damages for the refusal of defendant to permit plaintiffs to perform a contract to manufacture into garments certain material then in possession of plaintiffs. The second cause of action is for damages for the refusal of defendant to permit plaintiffs to fill all the re-orders for garments received by defendant for the fall of 1915. The third cause of action is to recover damages for the refusal of defendant to perform a contract to permit plaintiffs to manufacture into garments certain materials purchased for account of defendant from the American Textile Company. The fourth cause of action is for damages for the failure of defendant to perform a certain contract to permit plaintiffs to manufacture into garments certain material purchased from Wallach, Hoexter & Co.; and the fifth cause of action is for damages for the refusal of defendant to perform a contract wherein it agreed to permit plaintiffs to manufacture into garments certain materials purchased from " Meinhards."

In none of these causes of action is there an allegation of the plaintiffs' readiness and willingness to perform. The plaintiffs claim that such an allegation is unnecessary on the ground that the defendant had put it out of its power to perform; that it had committed an anticipatory breach in which case such an allegation is unnecessary. It is true that such repudiation would be an anticipatory breach rendering unnecessary the allegation of readiness, for the plaintiffs need not hold themselves prepared thereafter. But there is nothing in the complaint to show that the defendant repudiated the contract before the time set for performance. In this complaint the particular time for performance by defendant is not stated

definitely, and it is reasonable to infer that the refusal to perform was made at the time set for performance and not before that time.

We think the complaint alleges such a breach of the contracts by the defendant as to require the plaintiffs to allege and prove that they were ready and willing to perform at the time of defendant's refusal to perform.

The order overruling the demurrer should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to plaintiffs to serve an amended complaint on payment of said costs.

CLARKE, P. J., LAUGHLIN, SCOTT and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to plaintiffs to amend on payment of costs.